MICHELLE L. SCHAEFER
mschaefer@ftc.gov
JOHN ANDREW SINGER
jsinger@ftc.gov
BENJAMIN J. THEISMAN
btheisman@ftc.gov
MIRIAM R. LEDERER
mlederer@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, DC 20580
202-326-3515 (Schaefer)
202-326-3234 (Singer)
202-326-2223 (Theisman)
202-326-2975 (Lederer)
202-326-3197 (Fax)

STACY PROCTER (local counsel)
CA Bar No. 221078, sprocter@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
310-824-4343
310-824-4380 (Fax)

Attorneys for Plaintiff FTC

RYAN FOLAND
Defendant, Pro Se

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>DEBTPRO 123 LLC, et al.,<br><br>Defendants. | Case No.<br>SACV 14-00693 AG (ANx)<br><br>[PROPOSED]<br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT RYAN FOLAND |

1

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunctive and Other Equitable Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b). The Commission, through counsel, and Defendant Ryan Foland, representing himself, stipulate to the entry of this Order for Permanent Injunction and Monetary Judgment Against Defendant Ryan Foland ("Order") to resolve all matters in dispute in this action between them.

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; abusive or deceptive telemarketing acts or practices in violation of Sections 310.3(a)(2)(iii), 310.3(a)(2)(x), and 310.4(a)(5) of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. §§ 310.3(a)(2)(iii), 310.3(a)(2)(x), 310.4(a)(5); and acts or practices in violation of Sections 404(a)(3), 404(b), and 405 of CROA, 15 U.S.C. §§ 1679b(a)(3), 1679b(b), 1679c, in connection with the marketing and sale of a product or service purporting to resolve consumers' debts and improve consumers' credit.

3. Defendant Ryan Foland neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Ryan Foland admits the facts necessary to establish jurisdiction.

4. Defendant Ryan Foland waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

2

5. The parties waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

2. **"Defendant"** means Ryan Foland, a/k/a R. Eugene Foland.

3. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:
    A. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;
    B. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
    C. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or
    D. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

4. **"Goods or Services"** includes any product, service, plan, or program.

5. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

6. **"Secured or unsecured debt relief product or service"** means:
    A. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt

3

collectors, any product, service, plan, or program represented, expressly or by implication, to:

1. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

2. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

3. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

4. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

5. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

6. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

B. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

1. repay one or more unsecured loans, debts, or obligations; or
2. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

7. **Telemarketing** means any plan, program, or campaign that is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR, 16 C.F.R. Part 310.

## ORDER

### I. BAN ON DEBT RELIEF PRODUCTS OR SERVICES

IT IS ORDERED that Defendant Ryan Foland, whether acting directly or indirectly, is permanently restrained and enjoined from:

A. advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service; and

B. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service.

## II. PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendant Ryan Foland, Defendant's agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from making any representation, expressly or by implication, about the benefits, performance, or efficacy of such product, service, plan, or program, unless at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that, when considered in light of the entire body of relevant and reliable evidence, is sufficient to substantiate that the representation is true.

## III. PROHIBITION AGAINST TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defendant Ryan Foland, Defendant's agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the telemarketing of any goods or services, are hereby permanently restrained and enjoined from:

A. Initiating or assisting others in initiating any outbound telephone call, or receiving or assisting others in receiving any inbound telephone call, without maintaining records reflecting:
   1. the date each consumer is charged;
   2. where each consumer's funds are being held;
   3. the goods or services for which each consumer is paying, including but not limited to details that are specific for each consumer;
   4. the representations made to each consumer, including but not limited to any scripts or other statements made to the consumer

        regarding any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

    B.    Initiating or assisting others in initiating any outbound telephone call, or receiving or assisting others in receiving any inbound telephone call, in which they, or the persons they are assisting, fail to disclose truthfully, promptly, and in a clear and conspicuous manner to the consumer receiving or making the call:

        1. the identity of the seller, including the entity or entities for whom the seller is trying to sell goods or services;

        2. that the purpose of the call is to sell goods or services; and

        3. the nature of the goods or services.

## IV. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY FINANCIAL PRODUCT OR SERVICE

IT IS FURTHER ORDERED that Defendant Ryan Foland, Defendant's agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

    A.    the terms or rates that are available for any loan or other extension of credit, including:

        1. closing costs or other fees;

        2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3. the interest rate(s), annual percentage rate(s), or finance charge(s),

and whether they are fixed or adjustable;
4. the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;
5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;
6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or
7. that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B. the savings associated with the loan or other extension of credit;
C. that a consumer will receive legal representation;
D. that any person can improve any person's credit record, credit history, or credit rating by permanently removing negative information from the person's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;
E. the timing under which a consumer can be charged money or other valuable consideration for the performance of credit repair services;
F. the written information and disclosures to which a consumer is entitled in advance of the execution of any contract or agreement for credit repair services, including misrepresentation by failing to provide to the consumer any required written disclosures; or
G. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to

8

obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history.

## V. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCT OR SERVICE

IT IS FURTHER ORDERED that Defendant Ryan Foland, Defendant's agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D. that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

E. that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

9

F.  the total costs to purchase, receive, or use, or the quality of, the product, service, plan, or program;

G.  any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program;

H.  the total time period it will take to complete or receive the product, service, plan, or program; or

I.  any other material fact concerning any aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## VI. PROHIBITION AGAINST MAKING MISREPRESENTATIONS OF MATERIAL FACT THROUGH OTHERS

IT IS FURTHER ORDERED that Defendant Ryan Foland, Defendant's agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are hereby permanently restrained and enjoined from providing to others the means and instrumentalities with which to make, directly or indirectly, expressly or by implication, any false, unsubstantiated, or otherwise misleading representation of material fact.

## VII. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of seven million, nine hundred and fifty one thousand, two hundred and eleven dollars ($7,951,211.00) is entered in favor of the Commission against Defendant Ryan Foland as equitable monetary relief. This judgment shall be reduced by funds turned over to the Commission by the Defendant as set forth below.

All taxes and fees assessed against the Defendant resulting from the sale or transfer of assets shall not reduce the amount of judgment. Upon transfer of the assets set forth in Subsections VI (B), (C), and (D), the remainder of the judgment is suspended, subject to the Subsections below.

B. Within seven (7) days after entry of this Order, Prudential shall transfer to the Commission by wire transfer in accordance with instructions previously provided by a representative of the Commission, the cash surrender value of the Independent Retirement Account ("IRA") ending in 3399 and held in the name of, or for the benefit of, Defendant Ryan Foland.

C. Defendant Ryan Foland assigns all of his rights, title and interest in any future payments, after payment of attorneys fees, identified in Item 15 ("Pending Insurance Payments or Inheritances") of the Financial Statement of Individual Defendant signed by Ryan Foland on May 21, 2015 and related to property damage and personal injury arising from a February, 2015 car accident, to the Commission.

D. At the conclusion of Paul Raymond's representation of Defendant Ryan Foland, Paul Raymond is ordered to, by wire transfer in accordance with instructions previously provided by a representative of the Commission, transfer to the Commission any unused portion of the $4,222.00 legal retainer described in Item 21 ("Trusts and Escrows") of the Financial Statement of Individual Defendant signed by Ryan Foland on May 21, 2105 and held in trust by Paul Raymond, Attorney at Law in the name of, or for the benefit of, Defendant Ryan Foland.

E. Defendant Ryan Foland shall take all steps necessary to assist in the transfer, liquidation and assignment of the assets identified in

        Subsections VI (B), (C), and (D). In the event it is necessary to execute additional documents to transfer, liquidate, or assign assets of Defendant Ryan Foland or any other assets that are to be surrendered under this Order, Defendant Ryan Foland shall execute such documents within three business days of a request from the FTC.

F.    The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely: The Financial Statement of Defendant Ryan Foland signed on May 21, 2015, including the attachments.

G.    The suspension of the judgment will be lifted as to Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

H.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents Defendant's portion of the consumer injury and unjust enrichment alleged in the Complaint), less any payment previously made pursuant to this Section or by any other Defendant in this action in satisfaction of a monetary judgment, plus interest computed from the date of entry of this Order.

## VIII.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as

disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IX. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant Ryan Foland, Defendant's agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

- A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Defendant represents that he has provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.
- B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant obtained prior to entry of this Order in connection with the marketing or sale of any secured or unsecured debt relief product or service and any financial product or service; and
- C. Failing to destroy such customer information in all forms in his possession, custody, or control within 30 days of entry of the final order disposing of all claims and parties in this matter. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers,

and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X. COOPERATION

IT IS FURTHER ORDERED that Defendant Ryan Foland must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena. This Section does not preclude Individual Defendant from invoking any valid Fifth Amendment privilege against self-incrimination.

## XI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant Ryan Foland obtain acknowledgments of receipt of this Order:

A. Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, Defendant, for any business that Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly must deliver a copy of this Order to: (1) all principals, officers,

directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant Ryan Foland makes timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Ryan Foland must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless

previously submitted to the Commission.

2. Additionally, Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any corporate defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant must submit to the Commission notice of the filing of any

bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. DebtPro 123 LLC, et al.*, Matter Number X140027.

## XIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant Ryan Foland must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years. Specifically, for any business that Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, he must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  a copy of each unique advertisement or marketing material, including but not limited to any sales scripts, direct mail solicitations, informational packets, or the design, text, or use of images of any Internet website, email, or other electronic communication.

### XIV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant Ryan Foland's compliance with this Order, including the financial representations upon which the judgment was suspended:

A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant, who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### XV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED: October 14, 2015

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE