1   MICHELLE L. SCHAEFER
    mschaefer@ftc.gov
2   JOHN ANDREW SINGER
    jsinger@ftc.gov
3   BENJAMIN J. THEISMAN
4   btheisman@ftc.gov
    MIRIAM R. LEDERER
5   mlederer@ftc.gov
6   FEDERAL TRADE COMMISSION
    600 Pennsylvania Ave., NW
7   Washington, DC 20580
8   202-326-3515 (Schaefer)
    202-326-3234 (Singer)
9   202-326-2223 (Theisman)
10  202-326-2975 (Lederer)
    202-326-3197 (Fax)
11

12  STACY PROCTER (local counsel)
    CA Bar No. 221078, sprocter@ftc.gov
13  FEDERAL TRADE COMMISSION
14  10877 Wilshire Boulevard, Suite 700
    Los Angeles, CA  90024
15  310-824-4343
16  310-824-4380 (Fax)

17  Attorneys for Plaintiff FTC

18

19              UNITED STATES DISTRICT COURT
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
20

21  FEDERAL TRADE COMMISSION          Case No.
                                      SACV 14-00693 AG (ANx)
22       Plaintiff,

23       v.

24
    DEBTPRO 123 LLC, et al.,
25

26       Defendants.

27

28                                  1

**ENTRY OF DEFAULT JUDGMENT AND FINAL ORDER FOR
PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST
DEFENDANTS ALLSTAR DEBT RELIEF LLC, A TEXAS LIMITED
LIABILITY COMPANY, DEBTPRO 123 LLC, A LIMITED LIABILITY
COMPANY, ALLSTAR PROCESSING CORP., A CORPORATION, BET
COMPANIES, INC., ALSO D/B/A DEBTPRO 123, A CORPORATION, AND
REDWAVE MANAGEMENT GROUP, INC., A CORPORATION**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunctive and Other Equitable Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).

The FTC has moved for default judgment against Defendants Allstar Debt Relief LLC, a Texas limited liability company, Debtpro 123 LLC, a limited liability company, Allstar Processing Corp., a corporation, BET Companies, Inc., also d/b/a DebtPro 123, a corporation, and Redwave Management Group, Inc., a corporation ("Defaulting Defendants").  Upon consideration of the FTC's Motion for Default Judgment, the Court grants the FTC's Motion for Default Judgement, and THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.  Venue is proper in this District.

2.    The Complaint charges that Defaulting Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; abusive or deceptive telemarketing acts or practices in violation of Sections 310.3(a)(2)(iii), 310.3(a)(2)(x), and 310.4(a)(5) of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. §§ 310.3(a)(2)(iii), 310.3(a)(2)(x), 310.4(a)(5); and acts or practices in violation of Sections 404(a)(3), 404(b), and 405 of

CROA, 15 U.S.C. §§ 1679b(a)(3), 1679b(b), 1679c,  in connection with the marketing and sale of a product or service purporting to resolve consumers' debts and improve consumers' credit.

3.  Defaulting Defendants' activities as alleged in the Complaint are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.  Defaulting Defendants had proper notice of this lawsuit.  On May 6, 2014, the FTC properly served them with the Summons and Complaint.  Dkt. 11.

5.  Defaulting Defendants have failed to answer or otherwise respond to the Complaint.

6.  On June 3, 2015, the FTC filed Applications for Clerk's Entry of Defaults against Defaulting Defendants.  Dkt. 47, 48, 49, 50, 51, 52.

7.  The Clerk entered defaults against Defaulting Defendants on June 5, June 30, and July 2, 2015.  Dkt. 56, 64, 65, 66, 67.

8.  The FTC is now entitled to default judgement as to Defaulting Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

9.  The allegations in the Complaint are taken as true against Defaulting Defendants.  Those allegations establish that Defaulting Defendants are liable for injunctive and equitable monetary relief for violations of Section 5 of the FTC Act, 15 U.S.C. § 45; Sections 310.3(a)(2)(iii), 310.3(a)(2)(x), and 310.4(a)(5) of the TSR, 16 C.F.R. §§ 310.3(a)(2)(iii), 310.3(a)(2)(x), 310.4(a)(5); and Sections 404(a)(3), 404(b), and 405 of CROA, 15 U.S.C. §§ 1679b(a)(3), 1679b(b), 1679c.

10.  The Declaration of Emil T. George filed by the FTC in support of its Motion for Default Judgment establishes that Defaulting Defendants caused consumer injury in the amount of seven million nine hundred seventy-seven thousand two hundred twenty-six dollars and twenty-two cents

($7,977,226.22) and, therefore, the Commission is entitled to an award of equitable monetary relief against the Defaulting Defendants in this amount.

11. Entry of this Final Judgement is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

2. **"Defaulting Defendants"** means Allstar Debt Relief LLC, a Texas limited liability company; Debtpro 123 LLC, a limited liability company; Allstar Processing Corp., a corporation; BET Companies, Inc., also d/b/a DebtPro 123, a corporation; and Redwave Management Group, Inc., individually, collectively, or in any combination.

3. **"Defendants"** means Defaulting Defendants, and Bryan Taylor, Ryan Foland, Stacey Frion and Kara Wilbur Taylor ("Individual Defendants").

4. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

    A.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

    B.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    C.    improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

    D.    provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

5. **"Goods or Services"** includes any product, service, plan, or program.

4

6. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

7. **"Secured or unsecured debt relief product or service"** means:

A. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    1. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

    2. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

    3. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

    4. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the

mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

     5.    obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

     6.    negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

    B.    With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

     1.    repay one or more unsecured loans, debts, or obligations; or

     2.    combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

8.    **"Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR, 16 C.F.R. Part 310.

## ORDER

## I.    BAN ON DEBT RELIEF PRODUCTS OR SERVICES

IT IS ORDERED that Defaulting Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      A.    advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service; and

      B.    assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service.

## II.    PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defaulting Defendants, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from making any representation, expressly or by implication, about the benefits, performance, or efficacy of such product, service, plan, or program, unless at the time such representation is made, Defaulting Defendants possess and rely upon competent and reliable evidence that, when considered in light of the entire body of relevant and reliable evidence, is sufficient to substantiate that the representation is true.

## III.    PROHIBITION AGAINST TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defaulting Defendants, whether acting directly or indirectly, in connection with the telemarketing of any goods or services, are hereby permanently restrained and enjoined from:

    A.    Initiating or assisting others in initiating any outbound telephone call, or receiving or assisting others in receiving any inbound telephone call, without maintaining records reflecting:

      1. the date each consumer is charged;

      2. where each consumer's funds are being held;

      3. the goods or services for which each consumer is paying, including but not limited to details that are specific for each consumer;

      4. the representations made to each consumer, including but not limited to any scripts or other statements made to the consumer

regarding any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

B.   Initiating or assisting others in initiating any outbound telephone call, or receiving or assisting others in receiving any inbound telephone call, in which they, or the persons they are assisting, fail to disclose truthfully, promptly, and in a clear and conspicuous manner to the consumer receiving or making the call:

1.  the identity of the seller, including the entity or entities for whom the seller is trying to sell goods or services;

2.  that the purpose of the call is to sell goods or services; and

3.  the nature of the goods or services.

## IV.   PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY FINANCIAL PRODUCT OR SERVICE

IT IS FURTHER ORDERED that Defaulting Defendants, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.   the terms or rates that are available for any loan or other extension of credit, including:

1.  closing costs or other fees;

2.  the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.  the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.  the loan amount, credit amount, draw amount, or outstanding

8

balance; the loan term, draw period, or maturity; or any other term of credit;

5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7. that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B. the savings associated with the loan or other extension of credit;

C. that a consumer will receive legal representation;

D. that any person can improve any person's credit record, credit history, or credit rating by permanently removing negative information from the person's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

E. the timing under which a consumer can be charged money or other valuable consideration for the performance of credit repair services;

F. the written information and disclosures to which a consumer is entitled in advance of the execution of any contract or agreement for credit repair services, including misrepresentation by failing to provide to the consumer any required written disclosures; or

G. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or

9

history.

## V.   PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCT OR SERVICE

IT IS FURTHER ORDERED that Defaulting Defendants, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.   any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.   that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.   the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D.   that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

E.   that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

F.   the total costs to purchase, receive, or use, or the quality of, the product, service, plan, or program;

G.   any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program;

H.   the total time period it will take to complete or receive the product,

10

service, plan, or program; or

I.  any other material fact concerning any aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## VI. PROHIBITION AGAINST MAKING MISREPRESENTATIONS OF MATERIAL FACT THROUGH OTHERS

IT IS FURTHER ORDERED that Defaulting Defendants, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are hereby permanently restrained and enjoined from providing to others the means and instrumentalities with which to make, directly or indirectly, expressly or by implication, any false, unsubstantiated, or otherwise misleading representation of material fact.

## VII. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of seven million nine hundred seventy-seven thousand two hundred twenty-six dollars and twenty-two cents ($7,977,226.22) is entered in favor of the Commission against Defaulting Defendants jointly and severally. Seven million nine hundred fifty-one thousand two hundred and eleven dollars ($7,951,211.00) of this judgment is joint and several with the Individual Defendants.

## VIII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any

payment or monetary judgment pursuant to this Order, such as a
nondischargeability complaint in any bankruptcy case.

B.   The facts alleged in the Complaint establish all elements necessary to
sustain an action by the Commission pursuant to Section 523(a)(2)(A)
of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will
have collateral estoppel effect for such purposes.

C.   Defaulting Defendants' Taxpayer Identification Numbers (such as
Employer Identification Numbers), which Defaulting Defendants
must submit to the Commission, may be used for collecting and
reporting on any delinquent amount arising out of this Order, in
accordance with 31 U.S.C. § 7701.

D.   All money paid to the Commission pursuant to this Order may be
deposited into a fund administered by the Commission or its designee
to be used for equitable relief, including consumer redress and any
attendant expenses for the administration of any redress fund.  If a
representative of the Commission decides that direct redress to
consumers is wholly or partially impracticable or money remains after
redress is completed, the Commission may apply any remaining
money for such other equitable relief (including consumer information
remedies) as it determines to be reasonably related to Defaulting
Defendants' practices alleged in the Complaint.  Any money not used
for such equitable relief is to be deposited to the U.S. Treasury as
disgorgement.  Defaulting Defendants have no right to challenge any
actions the Commission or its representatives may take pursuant to
this Subsection.

12

## IX.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defaulting Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.   Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defaulting Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.   Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defaulting Defendants obtained prior to entry of this Order in connection with the marketing or sale of any secured or unsecured debt relief product or service and any financial product or service; and

C.   Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days of entry of the final order disposing of all claims and parties in this matter.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X.     COOPERATION

IT IS FURTHER ORDERED that Defaulting Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defaulting Defendants must provide truthful and complete information, evidence, and testimony.  Defaulting Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XI.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defaulting Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defaulting Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For five (5) years after entry of this Order, each Defaulting Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defaulting Defendant delivered a copy of this Order, that Defaulting Defendant must obtain,

within 30 days, a signed and dated acknowledgment of receipt of this Order.

### XII.     COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defaulting Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defaulting Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defaulting Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Defaulting Defendant; (b) identify all of that Defaulting Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defaulting Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Defaulting Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses; (b) identify all business activities, including any business for which such Defaulting Defendant performs services and any entity in which such Defaulting Defendant has any ownership interest; and (c) describe in detail such Defaulting

Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For twenty (20) years after entry of this Order, each Defaulting Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defaulting Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Defaulting Defendant or entity that such Defaulting Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Defaulting Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defaulting Defendant performs services and any entity in which such Defaulting Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defaulting Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defaulting Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under

16

penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. DebtPro 123 LLC, et al.*, Matter Number X140027.

## XIII.    RECORDKEEPING

IT IS FURTHER ORDERED that Defaulting Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Defaulting Defendants must create and retain the following records:

A.   accounting records showing the revenues from all goods or services sold;

B.   personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.   records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.   all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

17

E.    a copy of each unique advertisement or marketing material, including but not limited to any sales scripts, direct mail solicitations, informational packets, or the design, text, or use of images of any Internet website, email, or other electronic communication.

### XIV.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defaulting Defendants' compliance with this Order:

A.    Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defaulting Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defaulting Defendant.  Defaulting Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defaulting Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defaulting Defendants or any individual or entity affiliated with Defaulting Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the

1   Commission's lawful use of compulsory process, pursuant to Sections
2   9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.
3               XV.      RETENTION OF JURISDICTION
4        IT IS FURTHER ORDERED that this Court retains jurisdiction of this
5   matter for purposes of construction, modification, and enforcement of this Order.
6
7
8   SO OREDERED THIS ___2ND___ DAY OF M A~ ( , 2016
9
10
11
12   _____
     UNITED STATES DISTRCIT COURT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                           19